## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   February 5, 2015                519186
_____

In the Matter of DAVID RAMOS,
                    Petitioner,

          v                                MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:   December 2, 2014

Before:   Peters, P.J., McCarthy, Garry and Clark, JJ.

                    _____

          David Ramos, Auburn, petitioner pro se.

          Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

          Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
certain prison disciplinary rules.

          Petitioner was charged with multiple prison disciplinary
violations arising from three separate incidents all of which
occurred on June 18, 2013.  The first misbehavior report charged
him with stalking, making threats and harassment.  The second
misbehavior report charged him with possessing contraband.  The
third misbehavior report, which was prepared after petitioner was
found to be in possession of an altered pair of state-issued
pants and an extra pair of headphones, charged him with
possessing an altered item as well as contraband.  Following a

tier III disciplinary hearing on the three misbehavior reports, petitioner was found guilty of all charges. On administrative appeal, the determination was modified by dismissing the stalking charge and reducing the penalty. This CPLR article 78 proceeding ensued.

With respect to the charges in the first and second misbehavior reports for which petitioner was found guilty, respondent concedes that procedural irregularities mandate annulment of that part of the determination finding petitioner guilty of these charges and, upon reviewing the record, we agree. Accordingly, we annul that part of the determination, but need not remit the matter for a redetermination of the penalty given that no loss of good time was imposed and petitioner has already served the penalty (see Matter of Brown v New York State Dept. of Corrections & Community Supervision, 119 AD3d 1205, 1206 [2014]; Matter of Fulmore v Prack, 116 AD3d 1281, 1282 [2014]). We reach a different conclusion with regard to that part of the determination finding petitioner guilty of the charges contained in the third misbehavior report. The detailed misbehavior report provides substantial evidence supporting petitioner's guilt of possessing an altered item and contraband (see Matter of Bermudez v Fischer, 107 AD3d 1269, 1270 [2013]; Matter of Tuitt v Martuscello, 106 AD3d 1355, 1356 [2013], lv denied 21 NY3d 865 [2013]).[1] Contrary to petitioner's claim, the record does not reveal that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (see Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]; Matter of McClough v Fischer, 118 AD3d 1228, 1229 [2014]). Therefore, that part of the determination finding petitioner guilty of these charges is confirmed.

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.

---

[1] We note further that petitioner admitted to possessing an extra set of ear phones, which was not authorized.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats, harassment and possessing contraband as charged in the first and second misbehavior reports; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court